# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK M. BENSON,

    Petitioner,

v.                                                   Case No. 14-C-249

TIMOTHY DOUMA,

    Respondent.

## SCREENING ORDER

On March 6, 2014, Petitioner Mark M. Benson filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state custody is imposed in violation of the Constitution. Benson was convicted in Waukesha County Circuit Court of three counts of homicide by intoxicated use of a vehicle, one count of causing great bodily harm by intoxicated use of a vehicle, and one count of injury by intoxicated use of a vehicle on August 10, 2009, after he pleaded no contest. He is currently incarcerated at the New Lisbon Correctional Institution. This case was reassigned to this Court on March 10, 2014. Benson has paid the required $5 filing fee.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims, exhausted available state remedies, and whether the petition is timely.

Benson's petition presents two challenges to his sentence; he does not present any challenge to his conviction.[1] First, he contends that the circuit court's reliance on inaccurate facts from an expert report—provided to the court by Benson's attorney—violated his due process right to be sentenced based on accurate facts. Benson describes two basic inaccuracies in the report: (1) the therapeutic level of Ambien is "between 3 and 18 mcg/L" and (2) the amount of Ambien in Benson's blood could produce significant cognitive impairment. According to Benson, the expert who prepared the report now maintains that the actual therapeutic range is 58 to 272 mcg/L. Further, the expert now states that he could not determine whether the amount of Ambien caused significant impairment at the time of the crash, in part because former drug users are less affected by a single standard dose of Ambien than others. Second, Benson claims that he did not receive effective assistance of counsel for the same reasons. Benson argues that his trial counsel provided ineffective assistance when he provided the circuit court the expert report containing the inaccurate or misleading facts described above. His petition asserts that Benson's trial counsel "initially noted something was wrong with the level of Ambien reported in ¶ 26 of Dr. Gengo's preliminary report." (Memo. in Supp. of Pet. 22, ECF No. 2.) Despite noting "something was wrong," his counsel did not

---

[1] In his direct state appeal, Benson also challenged his conviction, arguing that the Wisconsin statute that makes it a crime to kill an unborn child violated equal protection under the Fourteenth Amendment. He does not renew that challenge in this petition.

2

make an effort to correct the report and submitted it to the court to use at sentencing. Then at sentencing, according to Benson, the circuit court relied upon the report and its inaccuracies in fashioning the sentence.

Both of the asserted grounds are colorable claims. There is a long-standing recognition that a criminal defendant has a due process right to be sentenced based on accurate information. *United States v. Tucker*, 404 U.S. 443, 447–48 (1972); *Townsend v. Burke*, 334 U.S. 736, 740–41 (1948); *see also Ben-Yisrayl v. Buss*, 540 F.3d 542, 554 (7th Cir. 2008) ("These two cases [*Tucker and Townsend*] stand for the general proposition that a criminal defendant has the due process right to be sentenced on the basis of accurate information."). His claim of ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984).

Benson has exhausted his available state remedies and filed within the applicable time limit. He moved for post-conviction relief with the circuit court, which was denied on both of the grounds raised here. He appealed that denial to the Wisconsin Court of Appeals, which affirmed, and to the Wisconsin Supreme Court, which denied review. As for timeliness, it appears that the petition is not time-barred. A one-year period of limitation applies to applications for writs of habeas corpus by persons in custody pursuant to state court judgments. 28 U.S.C. § 2244(d)(1). Subject to several exceptions that do not appear applicable, the one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). In this case, the judgment became final 90 days after the Wisconsin Supreme Court denied review on

December 10, 2012. Thus, by filing his petition on March 6, 2014, it appears that his petition is timely.

There is, however, the issue of procedural default identified by Benson in the memorandum he attached to his petition. (Memo. in Supp. of Pet. 16–19, ECF No. 2.) As Benson notes, the Wisconsin Court of Appeals concluded that he forfeited his due process claim by not objecting to the inaccurate facts at sentencing. *State v. Benson*, 2012 WI App 101, ¶ 17, 344 Wis. 2d 126, 822 N.W.2d 484 ("Because Benson's counsel himself submitted Gengo's report to the court and failed to correct or object to the Ambien-related information prior to Benson's sentencing, Benson cannot now claim his due process rights were violated by the court's consideration of that same information. He has forfeited the issue."). As a general matter, a federal court may not grant habeas relief if the state court's decision was based on an adequate and independent state law ground. *Ward v. Jenkins*, 613 F.3d 692, 696 (7th Cir. 2010). In another case where the defendant provided inaccurate facts to the court for use at sentencing, the Seventh Circuit found "that Wisconsin waiver law was applied in a consistent and principled way, and therefore constitutes an adequate and independent state law ground that cannot be reviewed absent cause and prejudice." *Promotor v. Pollard*, 628 F.3d 878, 886–87 (7th Cir. 2010). While *Promoter* may control the outcome in this case, I cannot conclude at this stage that it plainly appears that Benson has procedurally defaulted this claim. Accordingly, he will be permitted to proceed on his due process claim.

**THEREFORE, IT IS ORDERED** that within 45 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition,

complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have

5

been sent via a Notice of Electronic Filing[2] ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary.[3] The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the respondents on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the respondent. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

Dated this   2nd     day of April, 2014.

                                                                  s/ William C. Griesbach
                                                                William C. Griesbach, Chief Judge
                                                                United States District Court

---

[2] Any documents not scanned in CM/ECF will have to be sent by the Clerk to the Department in hard copy.

[3] County sheriffs, jail administrators or employees, police officers, county employees or federal agencies (such as I.C.E.) are not included and paper copies must be served on the appropriate Corporation Counsel, jail administrator or other such party by the U.S. Marshal's Service.